**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BROADCAST MUSIC, INC,
et al.,

       Plaintiffs,

vs.                                   CASE NO. 3:11-cv-919-J-37TEM

JOE'S EDELWEISS, LLC,
d/b/a HUGO JOE'S and
HUGO BOESCH, individually,

       Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

       This case is before the Court upon referral from the Honorable Roy B. Dalton, Jr. for a report and recommendation on Defendants' Motion to Set Aside Default and Vacate Final Default Judgment (Doc. #25, Motion to Set Aside). For the reasons stated below, the undersigned recommends the Motion to Set Aside be **DENIED** and the default judgment against Joe's Edelweiss, LLC d/b/a Hugo Joe's, and Hugo Boesch ("Defendants") stand.

**Background**

       Plaintiffs filed this action for copyright infringement against Defendants on September 13, 2011 (Doc. #1, Complaint). Plaintiffs sought recovery of statutory damages as permitted under 17 U.S.C. § 504(c) as well as the issuance of a permanent injunction. Complaint at 5-6. The Proof of Service declares that Defendant was served the Summons

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

and original Complaint on October 9, 2011 (Docs. #7-8; Doc. #27, Affidavit of Hugo Boesch).  No timely answer, responsive pleading, or Fed. R. Civ. P. 12 Motion was filed on behalf of the Defendants.  The Plaintiffs then made a motion for entry of a Clerk's Default against Defendants (Doc. #9).  The Clerk entered default against each Defendant on December 19, 2011 (Docs. #10-12).

Shortly thereafter, on February 10, 2012, Plaintiffs made a motion to enter default judgment against Defendants (Doc. #15).  A telephonic hearing regarding the motion was held on April 20, 2012 (Doc. #20).  Defendants had notice of this hearing.  Affidavit of Hugo Boesch ¶17.  However, Defendants were not present at the hearing (Doc. #20).  Thereafter, this Court issued a Report and Recommendation that default judgment be entered against Defendants.  *See Broadcast Music Inc. v. Joe's Edelweiss, LLC d/b/a Hugo Joe's*, No. 3:11-cv-919-J-37TEM (M.D. Fla. May 10, 2012) (unpublished Report and Recommendation, Doc. #22).  That Report and Recommendation was adopted as the opinion of the District Court on May 29, 2012.  *See Broadcast Music, Inc. v. Joe Edelweiss, et al.*, No. 3:11-cv-919 (M.D. Fla. May 29, 2012) (unpublished Order, Doc. #23).  Judgment was signed by the Clerk on May 30, 2012 (Doc. #24).  Defendants filed a motion to set aside the default judgment on June 20, 2012.  *See* Motion to Set Aside.

## ANALYSIS

Defendants raise two issues in seeking to set aside the default judgment.  First, Defendants argue that good cause exists to set aside the Clerk's entry of default.  Motion to Set Aside at 8.  Secondly, Defendants argue that the entry of default judgment should be set aside because of excusable neglect.  Motion to Set Aside at 11-15; Doc. #32 at 2.  Specifically, Defendants argue that they have a meritorious defense, Plaintiffs will not be

2

prejudiced if the judgment is vacated, and Defendant Boesch's unfamiliarity with the American legal system and difficulty with the English language constitutes good reason for failing to reply.  Motion to Set Aside at 11-15; Doc. #32 at 2-5.

Plaintiffs respond by asserting that Defendants' window for challenging the entry of default by the Clerk has closed (Doc. #28, Plaintiffs' Response, at 4-5).  Further, Plaintiffs argue that the default judgment should not be set aside because Defendants have failed to meet the more rigorous requirements of Federal Rule of Civil Procedure 60.  *Id.* at 5-9.

## Setting Aside the Clerk's Entry of Default

There is an important distinction between the "mere entry of default and a default judgment."  *Blau v. Bill Heard Chevrolet Corp.*, 422 B.R. 293, 301-02 (N.D. Ala. 2009).  The important distinction is in the level of scrutiny placed upon the party's proffered reasons for setting aside the default.  *Id.*  Guiding courts in determining the proper standard to be applied to the moving party's arguments is the timeliness of the motion; in other words, whether the motion is filed before or after entry of judgment.  *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1507 (11th Cir. 1984); Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).").  Rule 60 of the Federal Rules of Civil Procedure is a party's exclusive avenue for relief when filing a post-judgment motion to set aside the default.  *Id.*  ("[Defendant's] *post-judgment motion* was a motion to set aside the default judgment.  Rule 55(c) makes clear that the proper, and in our opinion, *exclusive*, method for attacking a default judgment in the district court is by way of a Rule 60(b) motion.") (emphasis added).  Accordingly, Defendants' argument to set aside the entry of the Clerk's default should be denied because judgment has already been entered.

3

**Setting Aside the Default Judgment**

Defendants argue that the default judgment should be set aside for reason of excusable neglect, mistake, or inadvertence (*see* Doc. #32 at 2). The undersigned finds this argument unpersuasive.

"The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgment, whether they are entered by default . . . or otherwise." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).[2] The rule inherently attempts to balance two competing interests. *Id.* On one hand, it is strongly preferred that cases be decided on the merits. *See Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Thus, it is said that the rule should be liberally construed so as to permit courts to do substantial justice and see to it that the judgment "reflect[s] the true merits of the case." *Seven Elves*, 635 F.2d at 401. However, "the desirability of order and predictability in the judicial process calls for the exercise of caution in such matters." *Id.* (citations omitted). Accordingly, Rule 60 also sets out to protect against prejudice to the party relying on the default judgment. *See, e.g.*, *United States v. Arnold*, No. 5:99CV161OC21GRJ, 2001 WL 34106906, at *2 (M.D. Fla. Aug. 15, 2001) ("The court should not reopen a default judgment merely because the party in default requests it, but should require the party to show both that there was good reason for the default and that

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

he has a meritorious defense to the action.") (citations and internal quotations omitted).[3]

Decisions as to whether to set aside a default judgment reside within the sound discretion of the trial court.  *See Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 911 (11th Cir. 2011).   One of the avenues for setting aside a default judgment is Rule 60(b)(1), which permits a court to set aside a default judgment for reason of mistake, inadvertence or excusable neglect.  Fed. R. Civ. P. 60(b)(1).  "To establish [a claim under Rule 60(b)(1)], the defaulting party must show that:  (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint."  *Tara Productions*, 449 Fed. Appx. at 911.

Here, Defendants argue that Rule 60(b)(1) is met.  *See* Motion to Set Aside.  Each argument will be addressed in turn.

*Meritorious Defense*

Defendants argue that they have a meritorious defense because the damages awarded as part of the default judgment were excessive under the Copyright Act.  Motion to Set Aside at 13-15.   Thus, Defendants assert the outcome might be changed if the default judgment is set aside.  *Id.*   The undersigned finds this argument misses the mark.

To make a showing of a meritorious defense, "the moving party must make an affirmative showing of a defense that is likely to be successful."  *In re Worldwide Web*

---

[3] Unpublished opinions may be cited throughout this report and recommendation as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

*Systems, Inc.*, 328 F.3d 1291, 1296 (11th Cir. 2003) (citations and internal quotations omitted).  This is not to say that the moving party must show that its defense *will be* successful; it is only required that the moving party "state a position that is not lacking in colorable merit and that does not constitute a Rule 11 violation."  *Blau*, 422 B.R. at 303.  However, a proper showing of a meritorious defense does require that the "allegations of [the party's] answer, if established at trial, [ ] constitute a *complete defense* to the action."  *Davis v. Oldham*, No. 6:07-cv-941-Orl-31DAB, 2007 WL 4115292, at *5 (M.D. Fla. Nov. 16, 2007) (emphasis added) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3rd Cir. 1984)); *see also Blau*, 422 B.R. at 303.

Here, Defendants seek to reopen the case on the basis that the damages awarded were excessive in light of Defendant Boesch's intent, namely that Defendants were non-willful infringers.   Motion to Set Aside at 13-15; Doc. #32 at 2-3.   In other words, Defendants do not dispute that they were infringers; instead, they argue that they were non-willful infringers and subject to lesser damages (Doc. #32 at 2).  However, this does not suffice to establish a meritorious defense.  *See Cox v. Sprung's Transp. & Movers, Ltd.*, 407 F. Supp. 2d 754, 757 (D.S.C. 2006) ("[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court of the jury to find for the defaulting party.") (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)) (alteration in original) (internal quotations omitted).[4]

---

[4] The undersigned also notes that Defendants' argument is belied by the structure of the Federal Rules of Civil Procedure.  Rule 59 allows parties who are unsatisfied with a judgment, including a default judgment, to make a motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later

Therefore, Defendants' argument does not put forth a meritorious defense because it is not such a complete defense that would allow a court to find for Defendants. Accordingly, the undersigned finds that Defendants have failed to establish that they have a meritorious defense.

*Prejudice*

Defendants argue that Plaintiffs will not be prejudiced by setting aside the default judgment (Doc. #32 at 3-4). They argue that setting aside the default judgment will do nothing but force Plaintiffs to prove their case. *Id.* at 3. Further, Defendants argue that because the damages exceeded the range for non-willful infringers, they are the truly prejudiced party. *Id.* at 4. The undersigned disagrees.

Decisions as to whether to set aside a default judgment under Rule 60(b)(1) are naturally equitable ones. *See In re Worldwide Web*, 328 F.3d at 1297. However, while the interest of effective judicial administration and lack of prejudice to the non-moving party are of primary importance, that does not alter the fact that Rule 60(b)(1) still requires consideration of *all three elements*; thus, a lack of prejudice is not dispositive. *See id.*; *Arnold*, 2001 WL 34106906, at *2 (detailing prejudice factors). Indeed, the prejudice prong *itself* is informed in no small part by the other two prongs of Rule 60(b)(1). *See In re*

---

than 28 days after the entry of the judgment."); *see also United States v. Arnold*, No. 5:99-CV-161-OC-21GRJ, 2001 WL 1807626, at *1 (M.D. Fla. Dec. 13, 2001). The most natural reading of the Federal Rules of Civil Procedure leads to the conclusion that simply changing the final award of damages is not a "meritorious defense," justifying the Court in setting aside the entire judgment. Indeed, such a reading would make Rules 59(e) and 60(b)(1) duplicative, despite their distinctive language. *Compare* Fed. R. Civ. P 59(e) *with* Fed. R. Civ. P. 60(b). There is a distinct and important difference–one which is reflected in the case law and the Federal Rules of Civil Procedure–between seeking to amend a final judgment and seeking to set it aside.

*Worldwide Web*, 328 F.3d at 1297; *see also Davis*, 2007 WL 4115292, at *6; *Arnold*, 2001 WL 3410696, at *2. Where there is a lack of a factual basis for a meritorious defense, no meritorious defense, and/or a lack of good reason for failing to respond to the complaint, courts have found against the defaulting party. *In re Worldwide Web Servs.*, 328 F.3d at 1297 ("[W]e [see no reason why we] should excuse [the defaulting party's] failure [by reason of prejudice] to make even the barest showing of a meritorious defense or to present a good reason for failing to respond to the complaint."); *see also Davis*, 2007 WL 4115292, at *6 ("Some courts have found that the threat of prejudice is *much greater* when no factual basis for a meritorious defense exists.") (emphasis added).

Here, Defendants have asserted that no undue prejudice will accrue to Plaintiffs because they have filed their motion to set aside the default judgment in a timely manner. Motion to Set Aside at 15. Defendants further argue that all setting aside the judgment will do is require Plaintiffs to prove their case on the merits (Doc. #32 at 3). Neither suffices to establish such a lack of substantial prejudice to Plaintiffs that would justify setting aside the default judgment. *See In re Worldwide Web*, 328 F.3d at 1297.

Although Defendants were reasonably prompt with filing their motion to set aside the default judgment, it was still three weeks after the judgment was entered, nearly six months after the default was entered by the Clerk, and close to seven months after Defendants received service of process. *See* Motion to Set Aside; Complaint; Docs. #10-12, 24. The longer the defaulting party has delayed in the litigation, the more prejudice it can be said the non-moving party would suffer. *See In re Worldwide Web*, 328 F.3d at 1297 (overturning a default judgment and allowing a trial to take place years after the plaintiff filed the complaint would constitute prejudice); *Arnold*, 2001 WL 3410697, at *2 (naming

8

delay as a consideration in prejudice). *See generally Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007) (stating that the longer a defaulting party waits in responding to the complaint, the more compelling must be the reasons for setting aside the default judgment, presumably because, in part, of prejudice to the non-moving party). Moreover, as detailed above, it is clear Defendants do not have a "meritorious defense;" therefore, the threat of prejudice can be seen as much greater. *See Davis*, 2007 WL 4115292, at *6.

Furthermore, it is true that setting aside the default judgment would require Plaintiffs to prove the merits of their case; however, the undersigned finds this an unpersuasive reason to find a lack of prejudice. Proving the merits of their case is not all that will be required of Plaintiffs here. Among other things, Plaintiffs will also be forced to forego their current award of damages and re-litigate the damages award; accordingly, setting aside the default judgment here would result in undue prejudice to Plaintiffs by delaying the vindication of their rights and forcing them to bear the expense of prosecuting a case for which only the ultimate amount of damages may fairly said to be at issue. *See Davis*, 2007 WL 4115292, at *6; *see also Original Appalachian Artworks, Inc. v. Yuil Int'l Trading Corp.*, 105 F.R.D. 113, 118 (S.D.N.Y. 1985) (finding that where only the hearing to set damages had already been scheduled, the non-moving party would be prejudiced such that it precluded setting aside entry of the default judgment). *Cf. General Telephone Corp. v. General Telephone Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (finding no prejudice except the obligation to litigate the case on the merits where defaulting party made showing of a meritorious defense and where plaintiffs could prove no reliance on the court's award of injunctive relief via default judgment).

Therefore, for the reasons stated, the undersigned finds that Plaintiffs would indeed

9

suffer prejudice as a result of setting aside the default judgment. Accordingly, the undersigned finds that Defendants have failed to show a lack of prejudice.

### Good Reason

Defendants argue that there was good reason for their failure to respond to the complaint. Motion to Set Aside at 12. Defendants argue that good reason exists because of Defendant Boesch's ignorance of the law, his mistake in sending a purported responsive pleading to Plaintiffs only, and his difficulty with the English language. *Id.*; Doc. #32 at 2. The undersigned finds the arguments unpersuasive.

The good reason prong, much like the prejudice prong, is ultimately an equitable decision turning upon "all relevant circumstances surrounding the party's omission." *Geico Cas. Co. v. Beauford*, No. 8:05-cv-697-T-24EAJ, 2006 WL 3848000, at *5 (M.D. Fla. Nov. 8, 2006) (quoting *Cheney v. Anchor Glass Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). Thus, courts have considered whether the defaulting party was represented, whether the defaulting party had been diligent in defending against the claim, how much time had elapsed since the filing of the complaint to the filing of the motion to set aside default judgment, the complexity of the case, and other relevant extenuating circumstances. *See Tara Productions*, 449 Fed. Appx. at 911 (defaulting party's impairments resulting from stroke and *pro se* status did not provide good cause to set aside the default judgment where trial court discredited the severity of defaulting party's stroke and did not inflexibly apply the rules to a *pro se* defendant); *Sloss Industries*, 488 F.3d at 935-36 (time between filing of the complaint and filing of the motion to set aside judgment is relevant as is the diligence of the defaulting party in defending the claim); *Provident Bank*, 2012 WL 1414249, at *2-3 (diligence of party and time elapsed between complaint and first motion of defaulting

10

party filed are relevant); *Ostane v. Jim Wright Marine Constr., Inc.*, No. 10-60168, 2010 WL 3385048, at *4 (considering extenuating circumstances such as death of a family member and defaulting party's health); *In re Newlin*, 416 B.R. at 915 (considering, and rejecting, defaulting party's alleged ignorance of the law); *Beauford*, 2006 WL 3848000, at *5 (considering the complexity of the case and defaulting party's status as *pro se*).  However, general negligence, ignorance of the law, or attorney error cannot constitute "good reason." *See Provident Bank*, 2012 WL 1414249, at *3; *In re Newlin*, 416 B.R. at 915 ("Moreover, alleged ignorance of the law by an attorney is insufficient to justify setting aside the entry of default.  Thus, [the] [d]efendant and his counsel's ignorance of his requirement to file a response to the Complaint in accordance with [the law] is not a plausible excuse [for the default].") (citations and internal quotations omitted).  Further, the burden on the defaulting party rises proportionately with the party's delay in responding to the original complaint. *See Sloss Industries*, 488 F.3d at 935 ("The longer a defendant . . . delays . . ., the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment.").

Defendants' principal argument is that the default judgment should be set aside because Defendant Boesch's *pro se* status and ignorance of the law led him to mistakenly send an alleged responsive pleading to only the Plaintiffs' counsel, and not also to the Court to be filed.  As an initial matter, the undersigned finds that Defendants' proffer of good reason must meet a more exacting standard than already required under Rule 60.  This is so because Defendants' delayed seven months between receiving service of process and finally responding in some proper fashion.  *See* Motion to Set Aside; Complaint; Docs. #10-12, 24.  Accordingly, the reason set forth by Defendants must be

11

more compelling than would otherwise be required.  *See Sloss Industries*, 488 F.3d at 935

(finding delay of one month following entry of default judgment and three and a half months

following service of process required defaulting party present a more compelling "good

reason" for delay).

First, regardless of the status of a party–either represented or not–ignorance of the

law is no excuse.  *See Asad v. Crosby*, 158 Fed. Appx. 166, 171 n.4 (11th Cir. 2005)

(stating that *pro se* parties must still abide by the relevant procedural rules and that

ignorance of the substantive law was not an excuse); *In re Newlin*, 416 B.R. at 915.  While

special considerations do exist for *pro se* parties, they must still abide by the rules of the

Court.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("A *pro se* litigant is

subject to the relevant law and rules of court . . . .").  Defendant Boesch may have sent the

alleged responsive pleading to only the Plaintiffs out of ignorance of the law, but that cannot

constitute good reason as to why he failed to file a proper responsive pleading with the

Court.  *See generally Asad*, 158 Fed. Appx. at 171 n.4 ("[T]o hold that complete ignorance

of the [law] constituted good cause for untimely service would allow the good cause

exception to swallow the rule.") (internal quotations and citations omitted).  Therefore, the

proffered ignorance of the American court system, i.e., the law, is not a cognizable good

reason to set aside the default judgment.

Further, the Defendants' status as *pro se* is equally unavailing under the

circumstances of this case.  *Pro se* status is not a shibboleth to be pleaded as good reason

for why a responsive pleading was never filed, and to be accepted by the Court blindly as

such.  *See, e.g.*, *Tara Productions*, 449 Fed. Appx. at 911.  *Pro se* status is but one

consideration among the numerous other relevant considerations when deciding whether

good reason exists for why a responsive pleading was never filed. *See, e.g.*, *id.* Here, it is true Defendants had proceeded on a *pro se* basis. However, it is also true Defendant Boesch was keen enough to seek to limit his liability by drafting a contract with his disc jockey stating that the disc jockey was not to play music copyrighted by Plaintiffs. *See* Affidavit of Hugo Boesch at ¶12. Defendant Boesch also acknowledges he had notice of the telephonic hearing regarding the default judgment and waited all day for the call (*id.* at ¶17), but has not explained why he never followed up with the Court regarding the matter when he failed to receive the anticipated call. Moreover, Defendant Boesch sought out proper legal advice from an attorney when threatened with a lawsuit by Plaintiffs (*id.* at ¶13), yet failed to do so when actually sued. Further, Defendant Boesch was instructed by the attorney he consulted to wait for notice from the court (*id.*); however, when given notice of the suit and later, the telephonic hearing (*see* Docs. #7-8, Affidavit of Hugo Boesch ¶¶14, 17) Defendant Boesch failed to return to seek further advice from the attorney. Defendant Boesch instead opted to rely on himself and on the advice of laypersons in defending the claim. *See* Affidavit of Hugo Boesch ¶¶14, 17. While it may be true that Defendants' *pro se* status impaired them, the record indicates that it was Defendants' general negligence in defending the claim that impaired them more. *Cf. 2P Commerical Agency S.R.O. v. SRT USA, Inc.*, No. 2:11-cv-652-FtM-29SPC, 2012 WL 589668, at *1-2 (M.D. Fla. Feb. 22, 2012) (finding good cause to set aside default by reason of *pro se* mistake, but emphasizing the contrast between the "liberal" Rule 55 standard to set aside an entry of default and the "more rigorous" Rule 60 standard to set aside a default judgment). However, general negligence is not sufficient to establish good reason for failing to reply. *See Provident Bank*, 2012 WL 1414249, at *3.

13

Additionally, no other considerations convince the undersigned that there exists good reason explaining why Defendants never replied to Plaintiffs' Complaint.  Although Defendant Boesch is foreign born and may struggle with English, foreign defaulting parties have been held to the same exacting standards as defaulting parties who are citizens of the United States.  *See, e.g.*, *Sloss Industries*, 488 F.3d at 935 ("The longer a defendant–*even a foreign defendant*–delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment.") (emphasis added).  Further, the present litigation was not complex.  The Plaintiffs brought a claim of nine copyright infringements and sought damages therefor. There was not simultaneous litigation on both the state and federal levels, or any other fact besides Defendants' *pro se* status which would lead the undersigned to find this litigation was complex.  *See, e.g.*, *Beauford*, 2006 WL 3848000, at *5.  Nor can it be said the Defendants, proceeding *pro se*, were treated inflexibly by the Court.  The parties have not raised this argument, and the record reflects no such treatment.  *See Tara Productions*, 449 Fed. Appx. at 911 ("Nor can we say that the district court inflexibly or impatiently enforced procedural rules against an uninformed or unsophisticated *pro se* defendant.").

For the reasons stated herein, the undersigned finds Defendants have failed to meet their burden in establishing good reason for failing to respond to the initial complaint. Accordingly, the undersigned finds that no good reason exists for the delay.

## CONCLUSION

For the reasons explained in this Report and Recommendation, it is respectfully recommended that Defendants' Motion to Set Aside Default and Vacate Final Default Judgment (Doc. #25) be **DENIED**.  Accordingly, it is recommended that the Final Default

14

Judgment (Doc. #23) entered in favor of Plaintiffs remain in effect.

**DONE AND ENTERED** at Jacksonville, Florida this   8th  day of August, 2012.


Copies to all counsel of record
    and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

15